**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **LARRY DARNELL BROWN, JR.,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 15-CV-277-JHP-TLW |
| | ) |
| **JOE M. ALLBAUGH, Interim Director,**[1] | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 8). Petitioner, a state inmate appearing *pro se*, filed a response (Dkt. # 10) to the motion to dismiss. For the reasons discussed below, Respondent's motion to dismiss shall be denied. Respondent shall file a response to the petition within thirty (30) days of the entry of this Order. Petitioner may file a reply within thirty (30) days of the filing of the response.

### *BACKGROUND*

Petitioner's habeas claim relates to his conviction entered in Tulsa County District Court, Case No. CF-2011-3753. See Dkt. # 1. The record reflects that on July 3, 2012, Tulsa County District Judge Kurt G. Glassco found Petitioner guilty of Robbery With a Firearm, based on his

---

[1] Petitioner is currently housed at Davis Correctional Facility, a private prison located in Holdenville, Oklahoma. The current state officer having custody of Petitioner is Joe M. Allbaugh, Interim Director of the Oklahoma Department of Corrections. Therefore, pursuant to Rule 2(a), Rules Governing Section 2254 Cases, the proper party respondent is Joe M. Allbaugh, Interim Director. Under Fed. R. Civ. P. 25, Joe M. Allbaugh is hereby substituted as party respondent in place of Robert Patton, Director. The Clerk of Court shall note the substitution on the record.

blind plea of no contest, entered June 1, 2012, and sentenced him to thirty (30) years imprisonment. See Dkt. # 9-1.  Petitioner's Judgment and Sentence reflects his conviction after former conviction of two felonies: Possession of Controlled Drug With Intent to Distribute, entered in Case No. CF-2010-327, and False Personate Another to Create Liability, entered in Case No. CF-2008-2867.  Id. On June 8, 2012, after entry of his plea, but prior to sentencing, Petitioner filed a motion to withdraw plea of guilty (Dkt. # 9-2).  In his motion to withdraw plea, counsel for Petitioner identified one (1) claim: "Defendant feels like he was pressured into his plea."  Id.  On August 2, 2012, Judge Glassco held a hearing on Petitioner's motion to withdraw guilty plea.  See Dkt. # 9-3 at 18.  At that hearing, Petitioner withdrew his motion to withdraw plea of guilty, and Judge Glassco set the case for judicial review on June 25, 2013, at 9:30 a.m.  Id.  On September 6, 2012, Judge Glassco amended Petitioner's Judgment and Sentence to reflect the judicial review setting.  Id.  Following the withdrawal of his motion to withdraw his guilty plea, Petitioner failed to otherwise perfect a *certiorari* appeal to the Oklahoma Court of Criminal Appeals (OCCA).  Id.

On June 25, 2013, the docket entry shows that Judge Glassco struck the hearing for judicial review, finding that "Defendant is ineligible for judicial review." Id. at 19. Petitioner's attorney, Brian Martin, was present, but Petitioner remained in custody and was not present in court on June 25, 2013.  Id.

On April 2, 2014, Petitioner filed an application for post-conviction relief (Dkt. # 9-4).  In an order filed January 2, 2015, Tulsa County District Judge Mark Barcus denied the application. (Dkt. # 9-5).  Petitioner appealed.  By order filed March 20, 2015, in Case No. PC-2015-073, the OCCA affirmed the denial of post-conviction relief.  (Dkt. # 9-6).

On May 15, 2015, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In his petition, Petitioner raises one (1) ground of error, as follows:

> Ground One: Due process was violated when Judge offered a one year judicial review coercing Petitioner to plead guilty.
> At Petitioner's hearing to withdraw his guilty plea, the Judge told him, on the record, that he would give him a one year review like his fall partner if he withdrew his motion to withdraw his guilty plea and left his plea intact. However, on the review date, the Court notified him he did not legally qualify for review and dismissed the appearance. Struck it from [the] docket.

Id. at 5. In response to the petition, Respondent argues that Petitioner's claim is barred by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. ## 8, 9.

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. 28 U.S.C. § 2244(d)(2).

Respondent argues that, under § 2244(d)(1)(A), this petition is time barred. However, in response to the motion to dismiss, Petitioner argues that the trial judge "extended the finalization of Petitioner's conviction and sentence" when he set a judicial review hearing for June 25, 2013. See Dkt. # 10 at 2. In support of this claim, Petitioner provides his "brief in support of post conviction relief," filed February 4, 2015, in OCCA Case No. PC-15-073 (Dkt. # 10 at 4-8). In his brief, Petitioner alleged that:

> On June 8, 2012, Petitioner submitted a Motion to Withdraw his plea. Judge Glassco set a hearing on the motion for August 2, 2012. It was during this August 2, 2012 hearing that Petitioner withdrew his Motion to Withdraw his plea AFTER Judge Glassco told him he would have him back in court in one year for a judicial review if he withdrew his motion to withdraw his plea. The implied promise to Petitioner being: given good behavior, and the fact that his co-defendant, who was just as culpable in the crime as he, received a sentence of 8 years in prison with 4 years on probation; he would have his sentence modified in a year to one comparible [sic] to his fall partners.
> Fact is, had this offer from the Judge not been made when it was, Petitioner was prepared to move forward with his effort to withdraw his plea and proceed to trial. It was only upon the inducement from the bench that Petitioner agreed to drop his withdrawl [sic]. Otherwise he wanted to go to trial.
> The District Attorney objected, stating that Petitioner was inelligible [sic] for a one year judicial review. Judge Glassco told him he did not care, he wanted Petitioner returned to court in one year for a hearing. Petitioner's counsel let Petitioner know he would be back in court in one year if he decided to accept the offer from the bench. Petitioner had no clue as to what the law states, and not a single person present made any effort to tell him what the law was all about when it came to one year reviews. As a result, Petitioner dropped his effort to withdraw his plea and accept the 30 year sentence with the idea that he would be back in court in

4

> a year to get that sentence modified in what he believed would be a significant manner.
>
> On September 6, 2012, Petitioner's Judgment and Sentence was amended to reflect the Judge's order, and offer to Petitioner, for judicial review. However, on June 25th, 2013, without returning Petitioner to Court for his expected judicial review, the Court, Judge Glassco had Petitioner's judicial review stricken declaring "Defendant is ineligible for judicial review."

Id. at 5-6 (citation and quotation omitted). Based on those facts, Petitioner argued on post-conviction appeal that "[h]e was coerced into withdrawing his motion to withdraw his plea based on an unfulfillanle [sic], and unfulfilled promise by the Judge in his case. Effectively waiving his appeal process without full and informed knowledge of what he was doing." Id. at 7.

While Judge Glassco's decision to strike the hearing for judicial review did not extend the date when Petitioner's conviction became "final" for purposes of § 2244(d)(1)(A), the factual predicate of the single claim raised in the habeas petition could not have been discovered until June 25, 2013, when the event triggering Petitioner's due process claim occurred, i.e., when the judicial review hearing was stricken after Judge Glassco determined that Petitioner was ineligible for judicial review. See Doe v. Jones, 762 F.3d 1174, 1176 (10th Cir. 2014). Thus, under § 2244(d)(1)(D), the one year limitations period for the claim raised in this petition did not begin to run until June 26, 2013. In the absence of tolling, Petitioner's deadline for raising his habeas claim was one year later, June 26, 2014.

On April 2, 2014, with 85 days remaining in the one-year period, Petitioner filed his application for post-conviction relief. At that point, the one-year limitations clock stopped running and did not begin again until March 20, 2015, when the OCCA affirmed the state district court's denial of post-conviction relief. Once the OCCA entered its ruling, Petitioner had to file his habeas

5

petition within the 85 days remaining in his one-year period, or by June 13, 2015. Petitioner filed his petition on May 15, 2015, or before the deadline.

Therefore, the single claim raised in the petition is timely. Respondent's motion to dismiss shall be denied. Respondent shall file a response to the petition within thirty (30) days of the entry of this Order. Petitioner may file a reply within thirty (30) days of the filing of the response.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The Clerk of Court shall note on the record the substitution of Joe M. Allbaugh, Interim Warden, as party respondent in place of Robert Patton, Director.
2. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 8) is **denied**.
3. Respondent shall file a response to the petition (Dkt. # 1) within thirty (30) days of the entry of this Order.
4. Petitioner may file a reply brief within thirty (30) days after the filing of Respondent's response.

**DATED** this  11th  day of February, 2016.

James H. Payne
United States District Judge
Northern District of Oklahoma