**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LARRY DARNELL BROWN, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 15-CV-277-JHP-JFJ |
| ) | |
| JOE M. ALLBAUGH, Director, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Before the Court is the 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1) filed by Petitioner Larry Darnell Brown, Jr., a state inmate appearing pro se. Petitioner challenges the judgment and sentence entered against him in Tulsa County District Court, Case No. CF-2011-3753. In that case, Tulsa County District Judge Kurt G. Glassco found Petitioner guilty of robbery with a firearm, based on his blind plea of no contest, and sentenced him to 30 years' imprisonment. Before and after sentencing, Petitioner moved to withdraw his plea. However, he ultimately agreed to withdraw his motion to withdraw his plea in exchange for Judge Glassco's promise to review Petitioner's sentence within one year of sentencing. Petitioner alleges he is entitled to federal habeas relief because Judge Glassco's failure to deliver on that promise rendered his plea unknowing and involuntary. For the reasons discussed below, the Court shall deny the habeas petition.

*BACKGROUND*

In October 2011, Petitioner was charged with robbery with a firearm, in violation of OKLA. STAT. tit. 21, § 801, in Tulsa County District Court, Case No. CF-2011-3753. Dkt. # 16-1, Docket

Sheet, at 5.[1] Represented by attorney Glen Dresback, Petitioner entered a blind plea of no contest[2] before Judge Glassco on June 1, 2012. Dkt. # 16-2, Plea/Summary of Facts, at 1-6; Dkt. # 17-1, Plea Hr'g Tr., at 1, 5-13. Before sentencing, Petitioner moved to withdraw his plea, alleging he felt "pressured in to his plea." Dkt. # 16-4, Mot. To Withdraw Plea, at 1.[3] Judge Glassco scheduled a motion hearing for July 3, 2012, the same date as Petitioner's sentencing hearing, appointed Brian Martin to represent Petitioner, and permitted Dresback to withdraw. Dkt. # 16-1 at 19; Dkt. # 17-2; Sent. Hr'g Tr., at 1-3.

At the beginning of the sentencing hearing, Judge Glassco stated there were two matters before the court (1) Petitioner's sentencing and (2) the State's application to accelerate Petitioner's deferred sentence in Tulsa County District Court, Case No. CF-2011-1101.[4] Dkt. # 17-2 at 2. Judge Glassco first sentenced Petitioner, in Case No. CF-2011-3753, to 30 years' imprisonment. *Id.* at 4. In doing so, he relied, in part, on the fact that Petitioner had two prior felony convictions in Tulsa County District Court Case Nos. CF-2008-2867 and CF-2010-327. *Id.* at 3-4. Next, he "accelerate[d] [Petitioner] to a conviction and sentence[d] him to seven years" in Case No. CF-2011-

---

[1] For consistency, the Court's record citations refer to the CM/ECF header page numbers in the upper right-hand corner of each document.

[2] Petitioner entered a no contest plea but, consistent with Oklahoma law, Judge Glassco advised Petitioner he would treat the plea as a guilty plea. Dkt. # 17-1, Plea Hr'g Tr., at 10; *see* OKLA. STAT. tit. 22, § 513 (providing that, other than for a civil suit, a plea of no contest is treated as a guilty plea). Hereafter, the Court will refer to Petitioner's no contest plea as a guilty plea.

[3] Counsel filed the motion to withdraw the plea. Dkt. # 16-4. Petitioner also submitted two handwritten letters to the state district court, seeking to withdraw his plea. *Id.* at 2-5.

[4] In Case No. CF-2011-1101, Petitioner pleaded guilty to second degree burglary on April 20, 2011, and was given a four-year deferred sentence. Dkt. # 17-2 at 4-5.

2

1101. *Id.* at 4-5. Finally, after advising Petitioner of his appeal rights in each case, Judge Glassco asked Petitioner whether he wanted to proceed immediately with his pro se motion to withdraw his plea or to confer with Martin before proceeding. *Id.* at 5-7. Petitioner chose the latter course, and Judge Glassco set the matter for hearing on August 2, 2012. *Id.* at 7-8. The written Judgment and Sentence in Case No. CF-2011-3753 was filed on July 9, 2012. Dkt. # 16-3 at 1.

The hearing on August 2, 2012, was memorialized in a minute order:[5]

> Judge Glassco: Defendant present, in custody, represented by Brian Martin. State represented by Gary Davis. Case called for motion to withdraw plea. Defendant withdraw[s] motion to withdraw plea. Defendant remanded to custody.
> Court set judicial review for 6-25-2013 at 9:30 a.m.

Dkt. # 16-1 at 27.[6] Petitioner's judgment and sentence was amended on August 8, 2012, to reflect that the court "set judicial review for 6-25-2013 at 9:30 a.m. Room 401." Dkt. # 16-5, Am. Judgment and Sentence, at 1. On June 25, 2013, Petitioner's case was called for judicial review. Dkt. # 16-1 at 28. Again, the hearing was memorialized in a minute order:

> Judge Glassco: Defendant not present, in DOC custody, represented by Brian Martin. State represented by Travis Horton. Case called for judicial review. Stricken. Defendant is ineligible for judicial review.

*Id.*

---

[5] According to Respondent, there was no court reporter present at the August 2, 2012 hearing and the hearing was not transcribed. Dkt. # 16 at 3.

[6] When Petitioner entered his plea, OKLA. STAT. tit. 22, § 982a(A) permitted a district court to review a criminal sentence "[a]ny time within twelve (12) months" after imposition and to "modify such sentence . . . by directing that another sentence be imposed, if the court [was] satisfied that the best interests of the public [would] not be jeopardized." However, the review and modification procedure did "not apply to convicted felons who ha[d] been in confinement in any state prison system for any previous felony conviction during the ten-year period preceding the date that the sentence [at issue] was imposed." OKLA. STAT. tit. 22, § 982a(A) (2010).

3

On July 18, 2013, Petitioner submitted a handwritten letter to the state district court, informing the court (1) he had taken responsibility for his actions, (2) he was complying with prison rules, and (3) he had taken "many steps to better [him]self." Dkt. # 16-10 at 1. In the letter, Petitioner also pointed out he had not been transferred to court for his "year review" and he sought information regarding the results of his review hearing. *Id.* at 2.

Petitioner filed an application for post-conviction relief in state district court on April 2, 2014, raising one proposition of error. Dkt. # 16-6, Pet'r PC App., at 1. He alleged the State violated his Fifth Amendment right to procedural due process when it "offered a stipulated term, the[n] failed/refused to honor the agreement." *Id.* at 2. In support, Petitioner directed the court to the minute order dated August 2, 2012, wherein Judge Glassco set judicial review for June 25, 2013, and the minute order dated June 25, 2013, wherein Judge Glassco ordered the judicial review hearing "stricken." *Id.* at 5-6. Petitioner further alleged he did not timely appeal his conviction because "[t]he Judge abused his discretion, the failure to honor the deal was a year later," and he waived his direct appeal process "due to the stipulation." *Id.* at 3.

In an order filed January 2, 2015, the state district court denied Petitioner's application for post-conviction relief. Dkt. # 16-7. The court described Petitioner's claim as "a due process argument based upon his never getting a judicial review and chance for sentence modification," and found that argument unpersuasive. *Id.* at 3. It reasoned, "Petitioner was never entitled to the statutory rights afforded by 22 O.S. § 982a because the [P]etitioner has prior felony convictions. The statute expressly disqualifies anyone from receiving the benefits of a sentence modification if they have prior felony convictions. Thus, this process is not one that the [P]etitioner was due." *Id.*

4

The court further reasoned that because "[t]he choice for judicial review was inherently discretionary," the denial of judicial review "[did] not merit post-conviction relief." *Id.*

Petitioner appealed, alleging a violation of his due process rights under the Fifth, Sixth, and Fourteenth Amendments. Dkt. # 16-8, Pet'r App. Br., at 1. He again framed his due process claim as one based on the State's failure to honor the terms of the plea agreement. *Id.* Specifically, he alleged:

> On June 8, 2012 Petitioner submitted a Motion to Withdraw his plea. Judge Glassco set a hearing on the motion for August 2, 2012. It was during this August 2, 2012 hearing that Petitioner withdrew his Motion to Withdraw his plea AFTER Judge Glassco told him he would have him back in court in one year for a judicial review if he withdrew his motion to withdraw his plea. The implied promise to Petitioner being; given good behavior, and the fact that his co-defendant, who was just as culpable in the crime as he, received a sentence of 8 years in prison with 4 years on probation; he would have his sentence modified in a year to one comparible [sic] to his fall partners.
> Fact is, had this offer from the Judge not been made when it was, Petitioner was prepared to move forward with his effort to withdraw his plea and proceed to trial. It was only upon the inducement from the bench that Petitioner agreed to drop his withdrawal. Otherwise, he wanted to go to trial.

*Id.* at 2. Petitioner further alleged Judge Glassco promised the one-year judicial review over the district attorney's objection that Petitioner was ineligible for judicial review. *Id.* at 3. Petitioner also pointed out that Judge Glassco (1) amended his judgment and sentence to reflect the judicial review would be held on June 25, 2013, and (2) "without returning Petitioner to Court for his expected judicial review . . . had Petitioner's judicial review stricken, declaring 'Defendant is ineligible for judicial review.'" *Id.* Petitioner further stated:

> This deception of the Court inadvertent, or otherwise, cost Petitioner his right to withdraw his plea and instilled a certain expectation of relief. The Court should have been aware Petitioner did not lawfully qualify for a judicial review at the time of the hearing, and never have offered an expectation of relief. . . .
> The District Attorney made Judge Glassco aware of the law during the proceeding, but, the Court chose to ignore the law - for whatever reason - and

5

> nobody bothered to tell Petitioner anything about the law. Petitioner's rights were grievously violated on several levels, rendering his plea one that was not only coerced, but not at all a knowing and intellegently [sic] made plea. He was coerced into withdrawing his motion to withdraw his plea based on an unfulfillanle [sic], and unfulfilled promise by the Judge in his case. Effectively waiving his appeal process without full and informed knowledge of what he was doing. Rendering his plea both unkowing [sic] and involuntary - thus void.

*Id.* at 3-4. Finally, Petitioner alleged, "The trial Judge made a deal with him that was outside the allowances of the law, inticing [sic] him [to] waive his right to appeal, and withdraw his motion to withdraw his plea, making an implied promise of relief for doing so." *Id.* at 4.

By order filed March 20, 2015, in Case No. PC-2015-073, the Oklahoma Court of Criminal Appeals (OCCA) affirmed the denial of post-conviction relief. Dkt. # 16-9. The OCCA described Petitioner's argument as alleging "he was denied a judicial review of his sentence after he withdrew the motion to withdraw his plea upon an 'implied promise' that he would be back in court in one year for a judicial review." *Id.* at 1. The OCCA further stated, "Petitioner argues that the trial court should have been aware that he did not qualify for a judicial review and should have never offered an expectation of relief. Petitioner seeks modification of his sentence." *Id.* After setting out the state district court's findings and conclusions, the OCCA affirmed the denial of post-conviction relief, reasoning, "Petitioner has failed to establish that he is entitled to post-conviction relief and there is no appeal to this Court from the denial of an application for modification of sentence as set forth in Section 982a of Title 22." *Id.* at 2.

Petitioner filed the instant federal habeas petition on May 15, 2015 (Dkt. # 1), along with a supporting brief (Dkt. # 2). He alleges one ground for habeas relief:

> Due process was violated when Judge offered a one year judicial review coercing Petitioner to plead guilty.
> At Petitioner's hearing to withdraw his guilty plea, the Judge told him, on the record, that he would give him a one year review like his fall partner if he withdrew

6

his motion to withdraw his guilty plea and left his plea intact. However, on the review date, the Court notified him he did not legally qualify for review and dismissed the appearance. Struck it from [the] docket.

Dkt. # 1 at 5.[7]

Respondent initially moved to dismiss the petition as time barred under 28 U.S.C. § 2244(d)(1). Dkt. ## 8, 9. By Order filed February 11, 2016 (Dkt. # 11), the Court determined the petition was timely under § 2244(d)(1)(D). The Court reasoned, "the factual predicate of the single claim raised in the habeas petition could not have been discovered until June 25, 2013, when the event triggering Petitioner's due process claim occurred, i.e., when the judicial review hearing was stricken after Judge Glassco determined that Petitioner was ineligible for judicial review." Dkt. # 11 at 5. As a result, the Court denied Respondent's motion to dismiss the petition and directed Respondent to file a response. *Id.* at 6. Respondent filed a response on April 22, 2016 (Dkt. # 16), and provided the state court records necessary to adjudicate Petitioner's claim (Dkt. # 17). Petitioner did not file a reply.

*DISCUSSION*

**I.      Legal framework**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before a federal court may grant habeas relief, a state prisoner must exhaust available state-court remedies, *id.*

---

[7] Petitioner's reference to his "fall partner" appears to be a reference to his co-defendant. According to Respondent, Petitioner's co-defendant was afforded judicial review on June 24, 2013, and the state district court suspended four years of his 12-year prison sentence. Dkt. # 16 at 3.

7

§ 2254(b)(1)(A), by "fairly present[ing] the substance of his federal habeas claim[s] to state courts," *Hawkins v. Mullins*, 291 F.3d 658, 668 (10th Cir. 2002).

When a state court adjudicates the merits of a state prisoner's federal claims, a federal court may not grant habeas relief on those claims unless the prisoner demonstrates the state court's adjudication of those claims either (1) "resulted in a decision that was contrary to . . . clearly established Federal law as determined by the Supreme Court of the United States," *id.* § 2254(d)(1); (2) "resulted in a decision that . . . involved an unreasonable application of clearly established Federal law," *id.*; or (3) "resulted in a decision that was based on an unreasonable determination of the facts" in light of the record presented to the state court, *id.* § 2254(d)(2).

However, "[t]he [deferential] § 2254(d) standard does *not* apply to issues not decided on the merits by the state court." *Grant v. Royal*, 886 F.3d 874, 889 (10th Cir. 2018) (brackets and emphasis in original) (quoting *Welch v. Workman*, 639 F.3d 980, 992 (10th Cir. 2011)). Thus, federal courts review those issues de novo. *Id.* Likewise, "[w]hen state courts apply the wrong legal standards, 'federal courts resolve the claim unconstrained by AEDPA deference—that is, [federal courts] review *de novo* the state court's legal conclusions and resolution of mixed questions.'" *Green v. Addison*, 613 F. App'x 704, 707 (10th Cir. 2015) (unpublished)[8] (quoting *Trammell v. McKune*, 485 F.3d 546, 550 (10th Cir. 2007)).

Even if a federal habeas court finds constitutional error on de novo review, it "must assess the prejudicial impact of [that] constitutional error . . . under the 'substantial and injurious effect' standard set forth in *Brecht* [*v. Abrahamson*, 507 U.S. 619 (1993)], whether or not the state appellate

---

[8] This and other unpublished decisions herein are cited for their persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

8

court recognized the error and reviewed it for harmlessness." *Fry v. Pliler*, 551 U.S. 112, 121-22 (2007). Under the *Brecht* standard, a federal habeas court should grant relief only if it "is in grave doubt as to the harmlessness of an error that affects substantial rights." *O'Neal v. McAninch*, 513 U.S. 432, 445 (1995).

## II. Analysis

Petitioner claims his right to "Due Process was violated when Judge [Glassco] offered a one year Judicial Review Coercing Petitioner to Plead guilty." Dkt. # 1 at 5. Petitioner contends Judge Glassco's unfulfilled promise "made his plea, and the process by which it was secured, involuntary and void." Dkt. # 2 at 4. He asks this Court to "find that his plea was not voluntary and knowingly made due to the fact it was induced by a promise from . . . the Judge." *Id.* at 7. In his request for relief, Petitioner specifically asks this Court to either deem his plea "void" and order his release or "reverse and remand" with instructions to modify his sentence "to [the] minimum allowed by law." Dkt. # 1 at 15; Dkt. # 2 at 7.

In light of this Court's prior Order, Respondent concedes Petitioner's claim is timely. Dkt. # 16 at 2; *see* Dkt. # 11 (finding petition timely filed under 28 U.S.C. § 2244(d)(1)(D)). Respondent also concedes Petitioner's claim is exhausted. Dkt. # 16 at 2. Respondent contends, however, that this Court should review the due process claim de novo because the OCCA misconstrued Petitioner's claim and failed to apply the correct legal standard. *Id.* at 5. Finally, Respondent concedes the State violated Petitioner's right to procedural due process. *Id.* By inducing him to withdraw his motion to withdraw his plea "in exchange for the chance at judicial review of his sentence," Respondent argues, the State effectively deprived Petitioner of his statutory right to

9

appeal.[9] *Id.* Respondent suggests the appropriate remedy for this due process violation is to grant "a conditional writ allowing Petitioner to proceed in the state court with an appeal out of time and therein present challenges to his plea of guilty." *Id.* at 10.

A. **Standard of review**

As a preliminary matter, the Court agrees with Respondent that Petitioner's due process claim should be reviewed de novo, rather than under § 2254(d)'s deferential standard. As Respondent contends, both the state district court and the OCCA misconstrued Petitioner's due process claim as one challenging the trial court's refusal to conduct a judicial review hearing and modify his sentence. *See* Dkt. # 16-7 (state district court order denying post-conviction relief); Dkt. # 16-9 (OCCA order affirming denial of post-conviction relief). Petitioner clearly alleged in his

---

[9] Under Oklahoma law "if a defendant's conviction is based on a guilty plea, he may pursue an appeal to the OCCA only by a petition for a writ of certiorari." *Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012). "Although referred to as a certiorari appeal, 'Oklahoma has always treated this appeal as an appeal of right.'" *Id.* (quoting *Randall v. State*, 861 P.2d 314, 316 (Okla. Crim. App. 1993)). The rules for pursuing a certiorari appeal require a defendant to file a motion in state district court, within ten days of sentencing, seeking to withdraw the guilty plea and requesting an evidentiary hearing. Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018). "The application to withdraw guilty plea and the evidentiary hearing are both necessary and critical steps in securing this appeal." *Clayton*, 700 F.3d at 441 (quoting *Randall*, 861 P.2d at 316). If the state district court denies the motion following a hearing, the defendant must file a notice of intent to appeal and a designation of record in state district court within ten days from the date of the denial of the motion. Rule 4.2(D), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018). To perfect the certiorari appeal, the defendant must then file a petition for writ of certiorari and the appellate record with the OCCA within 90 days of the denial of his motion to withdraw the plea. Rule 4.3, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018). The time periods for filing a notice of intent to appeal and for perfecting the certiorari appeal are both jurisdictional; thus, failure to comply with either constitutes waiver of the right to appeal. *See* Rules 4.2(D) & 4.3.

state court pleadings that Judge Glassco's promise to provide him with a one-year judicial review induced him to withdraw his motion to withdraw his plea, rendered his plea invalid, and caused him to waive his right to appeal. *See* Dkt. # 16-6, Pet'r PC App., at 2-3 (alleging State violated his right to procedural due process when it "offered a stipulated term, the[n] failed/refused to honor the agreement," emphasizing Judge Glassco's actions in setting then striking judicial review hearing, and explaining the judge's "failure to honor the deal was a year later" and he waived his direct appeal process "due to the stipulation"); Dkt. # 16-8, Pet'r App. Br., at 3-4 (citing multiple cases for the proposition that a plea is void if not knowing and voluntary, alleging the "unfulfilled promise" rendered his plea "void" as coerced, unknowing, and involuntary, and further alleging he "[e]ffectively waiv[ed] his appeal process without full and informed knowledge of what he was doing").

While both state courts acknowledged Petitioner was presenting a due process claim, neither analyzed his claim as one challenging the validity of his plea or the involuntary waiver of his right to appeal. In its order denying post-conviction relief, the state district court stated, "Petitioner claims that the failure to have the 'judicial review' hearing wherein Petitioner could be considered for sentence modification violated his Fifth Amendment due process rights." Dkt. # 16-7 at 2. The court then rejected Petitioner's claim without addressing his argument that Judge Glassco's promise induced him to either enter the plea or let it stand. Instead, the court reasoned (1) "due process does not demand judicial review for those who are convicted who also have prior felony convictions," and (2) "the choice for judicial review was inherently discretionary." Dkt. # 16-7 at 3. In affirming the denial of post-conviction relief, the OCCA identified Petitioner's claim as one alleging "he was denied a judicial review of his sentence after he withdrew the motion to withdraw his plea upon an

11

"implied promise" that he would be back in court in one year for a judicial review." Dkt. # 16-9 at 1. However, the OCCA did not address whether Judge Glassco's "promise" improperly coerced Petitioner's plea or induced him to forego his right to appeal. Instead, the OCCA simply cited the state district court's findings and conclusions and held Petitioner "failed to establish" a basis for post-conviction relief. *Id.* at 2. Notwithstanding the trial court's decision to strike the judicial review hearing without even considering a sentencing modification, the OCCA also stated the denial of an application for modification of sentence as permitted under OKLA. STAT. tit. 22, § 982a is not appealable. *Id.*

As Respondent contends, both state courts erred in suggesting Petitioner was merely challenging Judge Glassco's decision to strike the judicial review hearing or his refusal to modify Petitioner's sentence. Dkt. # 16 at 5. More to the point, neither the state district court nor the OCCA adjudicated the merits of Petitioner's due process claim—i.e., his claim that Judge Glassco's unfulfilled promise either rendered his plea void or caused him to unknowingly waive his statutory right to appeal. The Court therefore agrees with Respondent that de novo review is appropriate. *See Grant*, 886 F.3d 889 (acknowledging claims not adjudicated by state court are subject to de novo review); *Green v. Addison*, 500 F. App'x 712, 716 (10th Cir. 2012) (unpublished) (applying de novo review, rather than § 2254(d)'s deferential standards, when habeas petitioner "alleged violation of his due process rights by the state's knowing presentation of perjured testimony" and "[t]he OCCA instead stated [petitioner] claimed 'that new evidence has been discovered which proves he is innocent of the charged offenses'").

### B. Due process violation

To this point, the Court has accepted Respondent's concessions on timeliness and exhaustion and agreed with his contention as to the appropriate standard of review. The Court also accepts Respondent's candid concession that Judge Glassco's promise of a judicial review hearing led Petitioner to withdraw his motion to withdraw his plea. *See* Dkt. # 16 at 8 ("In all candor, Petitioner was offered a judicial review hearing by Judge Glassco, despite not being eligible under Oklahoma law, and Petitioner withdrew his motion to withdraw his plea in exchange for the chance at judicial review of his sentence."). The record amply supports Respondent's concession on this point. Specifically, the minute order from the August 2, 2012 hearing and the amended Judgment and Sentence both reflect that Judge Glassco set a judicial review hearing for June 25, 2013. Dkt. # 16-1 at 27; Dkt. # 16-5. The same minute order also reflects that Petitioner withdrew his motion to withdraw the plea at the August 2, 2012 hearing. Dkt. # 16-1 at 27.

Nonetheless, the Court does not accept Respondent's concession that the State violated Petitioner's constitutional right to procedural due process by depriving him of his statutory right to appeal his conviction. Nor does the Court agree with Respondent's suggestion that the appropriate remedy is to grant a conditional writ requiring the State to allow Petitioner to appeal out of time. Simply put, Respondent concedes a due process violation Petitioner does not allege and suggests a remedy Petitioner does not seek.

Petitioner neither alleges a due process violation based on his statutory right to appeal nor seeks an out-of-time appeal to remedy that violation. True enough, in his state court pleadings Petitioner asserted Judge Glassco's promise of a one-year judicial review not only induced him to plead guilty but also resulted in his unknowing waiver of his right to appeal. Dkt. # 16-6 at 3; Dkt.

13

# 16-8 at 4. However, Petitioner's arguments in his post-conviction appeal brief demonstrates the crux of Petitioner's due process claim: Judge Glassco's promise rendered his plea void as unknowing and involuntary. *See, e.g.*, Dkt. # 16-8, Pet'r App. Br., at 1-2, 4 (citing case law discussing requirements for plea that satisfies due process); *id.* at 4 (describing plea as "one that was not only coerced, but not at all a knowing and intelligently made plea"). Even then, as the OCCA correctly stated, the only specific relief Petitioner sought was modification of his sentence. *Id.* at 5; Dkt. # 16-9 at 1.

Likewise, in his habeas petition Petitioner describes his due process claim as one challenging the validity of his plea, not the denial of his statutory right to appeal. Specifically, he alleges "Due Process was violated when Judge offered a one year Judicial Review *Coercing Petitioner to Plead guilty*." Dkt. # 1 at 5 (emphasis added). In his supporting brief, he cites several cases for the proposition that a plea must be knowing and voluntary, rather than induced by unfulfilled promises. Dkt. # 2 at 2-3, 5. Throughout his supporting brief, Petitioner also contends Judge Glassco's promise (1) "depriv[ed] him of the voluntary nature of his plea," (2) "made his plea and the process by which it was secured involuntary and void," (3) rendered his plea "unconstitutional due to the fact he was materially misinformed about" his eligibility for judicial review, and (4) "made his plea and subsequent withdrawal of his motion to withdraw his plea improper and constitutionally void." *Id.* at 4-7. He specifically asks the Court to "find that his plea was not voluntary and knowingly made due to the fact it was induced by" or "coerc[ed]" by Judge Glassco's promise. *Id.* at 3, 7. Finally, as he did in state court, Petitioner seeks modification of his sentence. *Id.* at 7; Dkt. # 1 at 15. In addition, he asserts that his "plea should be deemdd void and he [should] be released." Dkt. # 2 at 7.

14

Even a liberal construction of Petitioner's pro se petition and supporting brief does not support Respondent's contention that Petitioner alleges a deprivation of his right to appeal and seeks an appeal out of time.[10] Thus, the Court considers de novo Petitioner's due process claim as he frames it: Judge Glassco's unfulfilled promise of a one-year judicial review rendered his plea unknowing and involuntary. *See* Dkt. # 16-6, Pet'r PC App., at 2-3 (alleging State violated his right to procedural due process when it "offered a stipulated term, the[n] failed/refused to honor the agreement," and emphasizing Judge Glassco's actions in setting then striking judicial review hearing); Dkt. # 16-8, Pet'r App. Br., at 3-4 (referring to Judge Glassco's "implied promise," and alleging the "unfulfilled promise" rendered his plea "void" as coerced, unknowing and involuntary); Dkt. # 2 at 4 (arguing Judge Glassco's unfulfilled promise "made his plea, and the process by which it was secured, involuntary and void").

To comport with due process, a plea must be knowing, voluntary and intelligent. *Brady v. United States*, 397 U.S. 742, 747-78 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). Thus, a guilty plea that results from either coercion or an unfulfilled promise from the State is constitutionally infirm. *See Santobello v. New York*, 404 U.S. 257, 262 (1971) ("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."); *Euziere v. United States*, 249 F.2d 293, 295 (10th Cir. 1957) ("A plea of guilty interposed as the result of coercion is not consistent with due process and therefore a judgment and sentence imposed pursuant to such a plea cannot stand."). These principles apply equally when a guilty plea rests on coercive statements or

---

[10] Because Petitioner appears pro se, the Court must "construe his pleadings and papers liberally" without "act[ing] as his advocate" by formulating legal arguments on his behalf. *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

false promises made by the trial court. *See Euziere*, 249 F.2d at 295 (finding plea invalid when "statements made by the trial court were reasonably calculated to influence the defendants to the point of coercion into entering their pleas of guilty"); *Mesmer v. Raines*, 351 P.2d 1018, 1020 (Okla. Crim. App. 1960) ("[T]he court may not properly bargain with a prisoner to induce him to enter a plea of guilty."), *receded from on other grounds by Davis v. State*, 845 P.2d 194 (Okla. Crim. App. 1993). When the trial court improperly involves itself in the plea bargaining process, a state prisoner seeking federal habeas relief must show that the court's statements or promises "coerced [him] to enter into a plea bargain involuntarily." *Nicholls v. Bigelow*, 558 F. App'x 778, 784 (10th Cir. 2014) (unpublished) (quoting *Miles v. Dorsey*, 61 F.3d 1459, 1467 (10th Cir. 1995)).

Here, the Court finds Petitioner fails to show that Judge Glassco "improperly involve[d]" himself in the plea bargaining process or coerced Petitioner to enter a blind plea of no contest in exchange for a promise of a one-year judicial review. At most, Judge Glassco's promise "induced" Petitioner to withdraw his motion to withdraw his plea during a motion hearing that took place after Petitioner's sentencing. Dkt. # 2 at 4-5, 7; Dkt. # 16 at 8. Contrary to Petitioner's belief, this post-plea (and post-judgment) promise did not retroactively render his plea "void" as unknowing and involuntary. Because Petitioner's allegations do not demonstrate Judge Glassco's promise influenced his initial decision to waive his constitutional right to a jury trial and enter a blind plea, he has not shown that the plea itself is unconstitutional. Moreover, because his judgment and sentence rests on a valid plea, he has not established that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, the Court shall deny his habeas petition.

*CONCLUSION*

Because Petitioner fails to show that he is in custody in violation of the Constitution or federal law, the Court denies his petition for a writ of habeas corpus.

**Certificate of Appealability**

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The court may issue a certificate of appealability (COA) "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies habeas relief by rejecting the merits of petitioner's constitutional claims, the petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds reasonable jurists would not debate the Court's determination that Judge Glassco's unfulfilled, post-plea promise of a one-year judicial review did not render Petitioner's plea unknowing or involuntary, the Court denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

2. A certificate of appealability is **denied**.

3. A separate Judgment shall be entered in this case.

**DATED** this 28th day of September 2018.

James H. Payne
United States District Judge
Northern District of Oklahoma